JOHN O. DEVLIN AND JAMES T. BRADY, APPELLANTS, v. HENRY WILSON ET AL., RESPONDENTS.

Argued June 16, 1915—Decided November 15, 1915.

The determination of the question whether or not a *de facto* municipal government shall be permitted to continue its existence, involves a matter of state policy, and until the attorney-general intervenes to contest its authority, and institutes proceedings for the purpose of overturning and suppressing it, the continued discharge of governmental functions by such body cannot be arrested. The legal existence of organized municipal government cannot be challenged by a private citizen, but only by the state itself through its attorney-general.

On appeal from a judgment of the Supreme Court.

For the appellants, *Elmer W. Demarest.*

For the respondents, *Gilbert Collins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The city of Bayonne, at a special election held on March 9th, 1915, adopted by a majority vote of its electors the act of April 25th, 1911, entitled "An act relating to, regulating, and providing for the government of cities, towns, boroughs and other municipalities within this state" (*Pamph. L., p.* 462), commonly known as the Walsh act, and thereby became subject to the provisions of that statute. The primary purpose of the legislation is to substitute government by commission in the place of that provided by the various municipal charters and the general laws of the state regulating municipal affairs; and in the execution of that purpose every city, town, &c., that adopts it is required by a supplement thereto, approved April 7th, 1914 (*Pamph. L., p.* 170), to hold an election for commissioners on the fifth Tuesday following that on which the act was adopted. In accordance with the mandate of this supplement, an election was held on the 13th of April, 1915, and the canvass of the votes then cast showed that the defendants in the present litigation were duly elected as commissioners. The day following, application was made by the prosecutors, one of whom was a candidate for the office of commissioner at such election and the other of whom was a resident of and voter in the city of Bayonne, for a writ of *certiorari* to review the validity of this election, principally upon the ground that the supplement of 1914, under which it was held, provided for a preferential system of voting, thereby permitting the selection of candidates for the office of commissioner who had not received a majority of all the votes cast; the contention being that such legislation was violative of the provisions of the constitution dealing with the exercise of the elective franchise. The writ was allowed, and argument having been had

upon its return, the Supreme Court held the statute valid, and dismissed the writ. The prosecutors appeal from the judgment of dismissal.

The second section of the Walsh act provides that the terms of office of the commissioners first elected thereunder shall commence on the first Tuesday following their election; and that upon their organization the city council, or other governing body, "shall be *ipso facto* abolished, and the terms of all councilmen or aldermen, and all other officers, whether elective or appointive, shall immediately cease and determine." By virtue of this enactment, therefore, the terms of office of the present respondents began on the 20th of April, and when they organized (which they are presumed to have done promptly thereafter) the theretofore existing municipal government came to an end, as did the terms of all municipal officers elected or appointed thereunder, and the respondents became the sole governing body of Bayonne; for the statute is presumed to be a binding enactment, and is to be obeyed as such until it is judicially declared to be invalid. *Lang* v. *Bayonne*, 74 *N. J. L.* 455, 463. And they became such notwithstanding the fact that the *certiorari* was allowed prior to the date when their terms of office began, for the writ was not intended to, and could not, operate as a stay, and so suspend the working of the statute.

From what has been stated it is quite apparent that the purpose sought to be accomplished by the prosecutors is the overthrow of the government now existing in the city of Bayonne; and it has been assumed that this can be done by the institution of proper proceedings by private citizens, when it is shown that the government has been organized under an unconstitutional statute. But such an assumption is entirely unwarranted. The matter is one which concerns the public, not individuals. It affects the power of the state to maintain uninterrupted government within its several political subdivisions. And because the determination of the question whether or not a *de facto* municipal government shall be permitted to continue its existence involves a matter of state policy, both the Supreme Court and this court have declared

that, until the attorney-general intervenes, the continued discharge of its governmental functions by such a body cannot be arrested. In the case of *Attorney-General* v. *Town of Dover,* 62 *N. J. L.* 138, 140, the principle is thus stated: "No private citizen can challenge the legal existence of organized municipal government. It can be successfully assailed only by the attorney-general. Until he intervenes to controvert its authority, and until he institutes proceedings by which it is overturned and suppressed, the public functions with which it is charged can be lawfully exercised by its officials as *de facto* officers." In *Lang* v. *Bayonne, supra,* this court, in discussing the same matter (opinion at *p.* 462) used language to the like effect, viz.: "Such corporations are declared to be *de facto* corporations, and courts refuse to permit the legality of their existence to be called into question, except by the state itself, through its attorney-general; and hold that, so long as the state does not see fit to interfere and terminate the existence thereof by direct proceedings brought by the attorney-general, a municipal corporation which has been created by an unconstitutional statute may exercise upon the citizens, through its officers, the powers conferred upon it by the statute as fully and completely as if it was created by a law valid in every particular."

Concluding, as we do, that the appellants have no status to challenge the legality of the present government of Bayonne, the validity of the act of 1914 (the supplement to the Walsh act) is not properly before us for consideration.

For the reasons we have stated the judgment of the Supreme Court dismissing the writ will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, TAYLOR, JJ. 14.

*For reversal*—None.